```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x
In re:                                    Chapter 11
                                          Case Nos. 06-44387
VICTORY MEMORIAL HOSPITAL, et al.,                  06-44388
                                                    06-44389
              Debtors,
                                          (Jointly Administered)

--------------------------------------x
SUNSET LG REALTY LLC                      Adv. Pro. No.

              Plaintiff,

v.

VICTORY MEMORIAL HOSPITAL, VICTORY
MEMORIAL AMBULANCE SERVICES, INC.,
and VICTORY MEMORIAL PHARMACY, INC.

              Defendants

--------------------------------------x
```

**COMPLAINT**

Sunset LG Realty LLC ("Plaintiff" or "Sunset"), by its attorneys, Backenroth Frankel & Krinsky LLP, for its complaint against defendants Victory Memorial Hospital, Victory Memorial Ambulance Services, Inc. and Victory Memorial Pharmacy Inc. (collectively, the "Defendants" or "Debtors"), respectfully alleges as follows:

**Nature of Case**

1. Plaintiff commences this adversary proceeding to recover: damages for breach of contract based on Defendants' failure to pay past due storage rent at the Premises (defined herein); damages based on Defendants' failure to pay past due use and occupancy at the Premises; damages based on Defendants' interference with Plaintiff's lease with SUNY Downstate (defined herein) at the Premises; and to reform a certain contractual amendment with Defendants on the grounds of mutual mistake, since it does not accurately reflect the parties intent that certain

equipment being used and maintained by SUNY Downstate at the Premises was to be purchased by Plaintiff.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §'s 157(a) and 1334(b), since it arises under, in and/or relates to the chapter 11 cases of the Debtors in the United States Bankruptcy Court for the Eastern District of New York.

3. This is a core proceeding within the meaning of 28 U.S.C. §'s 157(b)(2)(E) and (O)

4. This Court is the proper venue pursuant to 28 U.S.C. §'s 1408 and 1409(a).

## Parties

5. Plaintiff or Sunset is a New York domestic limited liability company.

6. Defendant Victory Memorial Hospital ("Victory") is a New York not for profit corporation, which previously operated a hospital at 699 92nd Street, Brooklyn, New York, 11228 (the "Premises").

7. Defendant Victory Memorial Ambulance Services, Inc. is a New York corporation and a subsidiary of Victory.

8. Defendant Victory Memorial Pharmacy Inc. is a New York corporation and a subsidiary of Victory.

## Background

9. On November 15, 2006, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

10. On or about April 18, 2008, the Debtors entered into an agreement with Dervaal LLC ("Dervaal") to sell certain of their assets to Dervaal for $44,900,000, including the Premises

and equipment (the "Asset Purchase Agreement").

11. The Asset Purchase Agreement filed with the Court (ECF Doc. No. 733) did not contain Schedule 1.2(b) of excluded assets.

12. Upon information and belief, on or about May 2008 Victory ceased its hospital operations.

13. On or about June 4, 2008, the Asset Purchase Agreement was amended and Dervaal assigned all its rights thereunder to Plaintiff.

14. On June 30, 2008, the Court issued an Order (the "Sale Order") which stated, among other things, that Plaintiff will acquire title to the assets purchased under the Asset Purchase Agreement as of the closing date (ECF Doc. No. 733, pp. 16-19, paras 13-14, 16 & 19).

**The Parties Intended For SUNY Downstate To Use The Equipment**

15. On July 1, 2008, Victory filed an expedited motion for approval of a lease agreement between it and the State University of New York for and on behalf of the State University of New York - Downstate Medical Center ("SUNY Downstate")(ECF Doc. No. 736).

16. Pursuant to the lease agreement (the "Victory/SUNY Lease"), SUNY Downstate would lease certain space at the Premises.

17. The Victory/SUNY Lease provides for a term of up to five (5) years or the earlier of thirty (30) days after SUNY Downstate receives notice from Victory of a closing on the Asset Purchase Agreement involving the Premises (para 1).

18. The Victory/SUNY Lease further provides that the leased space is to be used as an out-patient comprehensive care center, which includes, inter alia, an Urgent Care Center, an Ambulatory

Surgery Center, a Treatment and Diagnostic Center and Out-Patient Clinics (para 6[a]).

19. The Victory/SUNY Lease also provides that Victory could assign its rights thereunder (para 34).

20. Upon information and belief, Victory and SUNY Downstate intended and agreed that SUNY Downstate could use all of the equipment located at the Premises, including all of the equipment located in the operating room and endoscopy unit.

21. Upon information and belief, Victory provided SUNY Downstate with written permission and authorization to use the equipment at the Premises.

22. Upon information and belief, SUNY Downstate would not have entered into the Victory/SUNY Lease without permission and authorization to use the equipment at the Premises.

23. In its application for approval of the Victory/SUNY Lease, Victory states that the Victory/SUNY Lease may be assigned or assumed by the buyer of the Premises (meaning Sunset) or slightly modified by the buyer on substantially the same terms to ensure a smooth transition (ECF Doc. No. 736, paras 12, 22 & 24).

24. On July 24, 2008, the Court issued an Order approving the Victory/SUNY Lease.

25. Upon information and belief, subsequent to July 24, 2008, SUNY Downstate began using the leased space and the equipment at the Premises, including equipment located in the operating room and endoscopy unit.

26. Upon information and belief, subsequent to July 24, 2008, SUNY Downstate began maintaining and repairing the equipment at the Premises, including equipment located in the operating room and endoscopy unit.

### The Parties Intended That Plaintiff Would Purchase All Equipment Being Used By SUNY/Downstate At The Premises

27. Upon information and belief, in or about March 2009, Defendants advised Plaintiff that certain equipment that SUNY Downstate was using was excluded under the Asset Purchase Agreement.

28. Defendants further advised Plaintiff that it would have to pay for any of the excluded equipment that it wished to purchase and provided Sunset with a list of excluded equipment.

29. Defendants' list of excluded equipment, however, did not provide a specific break down of the excluded equipment in either the operating room or the endoscopy unit, as it merely contained a general reference to unspecified equipment in the areas of the operating room and endoscopy unit.

30. Upon information and belief, in March or early April 2009, SUNY Downstate marked up Defendants' proposed list of excluded equipment to indicate which equipment it required and which it wanted Plaintiff to purchase.

31. The SUNY Downstate proposed list of excluded equipment to be purchased included three (3) specific "O.R." items: "1 Picker/Dornier Urotract, 1 Philips/Dornier Litho Unit, and General Electric OEC Miniview HP (extremity c-arm)"; and general areas of unspecified equipment, including the operating room and endoscopy unit.

32. Defendants acknowledged receipt of the list, and in response prepared a revised list of excluded equipment and a new list featuring purchased equipment, which they called the "auxiliary assets".

33. Defendants' new list of auxiliary assets and revised

excluded list, honored virtually all of SUNY Downstate's requests.

34. For example, Defendants' new list of auxiliary assets included the three (3) specific "O.R." items: "1 Picker/Dornier Urotract, 1 Philips/Dornier Litho Unit, and General Electric OEC Miniview HP (extremity c-arm)"; which were previously on Defendants' excluded list.

35. Defendants, however, apparently kept the general areas of unspecified equipment, including the operating room and endoscopy unit, on the excluded list.

36. Upon information and belief, Defendants apparently kept the general areas of unspecified equipment, including the operating room and endoscopy unit, on the excluded list since it was no longer in possession of the equipment and unsure whether it was (a) still there; and/or (b) leased.

37. The Defendants and Plaintiff entered into a fourth amendment to the Asset Purchase Agreement, dated April 2, 2009 (the "Fourth Amendment").

38. The Fourth Amendment states that in consideration for the purchase of additional assets, Sunset paid Defendants $100,000 (Fourth Am. para 7[d]).

39. The Fourth Amendment provides a copy of the new list of auxiliary assets purchased by Sunset (Fourth Am. Annex A); and a new list of excluded assets (Fourth Am. Annex B).

40. The Fourth Amendment, however, mistakenly omits from the new list of auxiliary assets the three (3) specific "O.R." items: the "1 Picker/Dornier Urotract, 1 Philips/Dornier Litho Unit, and General Electric OEC Miniview HP (extremity c-arm)–; that the parties agreed would be purchased (Fourth Am. Annex A);

and mistakenly includes them on the new list of excluded assets (Fourth Am. Annex B).

41. Moreover, upon information and belief, the Defendants have mistakenly taken and/or failed to deliver the following equipment from the list of purchased assets: "1 OEC 9800 C-arm (vascular), 1 OEC 9600 C-arm, 1 General Electric Senographic Dmr+ Mammography System and 1 Schick AccuDexa BMD Assessment System".

42. The Fourth Amendment's list of excluded assets also does not specify any of the equipment in either the operating room or the endoscopy unit.

43. Nevertheless, Victory now asserts that it is entitled to repossess the unspecified equipment in the operating room and endoscopy unit pursuant to the Fourth Amendment.

44. Victory's repossession of the equipment being used and maintained by SUNY Downstate at the Premises, including in the operating room and endoscopy unit, would prejudice both Plaintiff and SUNY Downstate.

**Defendants Fail To Pay Any Storage Rent At The Premises**

45. On September 1, 2009, Plaintiff closed (the "Closing Date") on its purchase of the Defendants' assets under the Asset Purchase Agreement, as amended.

46. As of September 1, 2009, Plaintiff became the owner of the Premises, and all equipment not listed as excluded assets.

47. On September 1, 2009, Plaintiff and Defendants entered into an agreement for the storage of certain medical records ("Records") at the Premises (the "Storage Agreement").

48. Pursuant to the Storage Agreement, Defendants agreed to pay Plaintiff $10,000 per week for storage rent commencing on or

7

about September 8, 2009 (Stor. Agr. para 3).

49. On or about November 10, 2009, Plaintiff issued an invoice to Victory, demanding, among other things, storage rent due from September 8, 2009 through November 10, 2009, in the total sum of $90,000.

50. To date, Defendants have failed to pay any storage rent to Plaintiff.

51. As of December 29, 2009, the Defendants owe Plaintiff $160,000 in past due storage rent (the "Past Due Storage Rent").

52. Pursuant to the Storage Agreement, Defendants further agreed to make prompt, good faith efforts to relocate the Records to the fifth floor of the Premises.

53. Defendants failed, however, to make prompt good faith efforts to relocate the Records to the fifth floor.

**<u>Defendants Fail To Pay Any Use And Occupancy At The Premises</u>**

54. Subsequent to the Closing Date, Defendants remained in possession of the Premises by, among other things, using and occupying the fifth floor as office space; and using the fourth and third floors, to house certain of their furniture, equipment and other items.

55. Defendants failed to pay Plaintiff for their continued possession of the Premises.

56. Defendants possession of the Premises without payment to Plaintiff, is without Plaintiff's permission.

57. On or about November 10, 2009, Plaintiff issued an invoice to Victory demanding, among other things, rent due from September 1, 2009 through November 10, 2009, in the total sum of $200,000.

58. To date, Defendants have failed to pay any rent or use and occupancy for their possession of the Premises, including the fifth and fourth floors.

59. As of December 29, 2009, the Defendants owe $340,000 in use and occupancy based on their continued use and possession of the Premises (the "Past Due Use and Occupancy").

**Defendants Interfere With The Sunset/SUNY Lease At The Premises**

60. Upon information and belief, on or subsequent to September 1, 2009, Sunset entered into a new lease agreement with SUNY Downstate for certain space at the Premises (the "Sunset/SUNY Lease"), including space in the cellar and second floor of the Premises.

61. At all relevant times herein, Defendants knew of the Sunset/SUNY Lease.

62. Despite knowledge of the Sunset/SUNY Lease, Defendants interfered with SUNY Downstate's lawful possession of the leased space at the Premises by wrongfully utilizing portions of the cellar and second floor, to house their Records.

63. Defendants' improper actions have induced SUNY Downstate to withhold rent due under the Sunset/SUNY Lease.

## Count I

64. The Plaintiff repeats and re-alleges every allegation contained in the preceding paragraphs.

65. The Storage Agreement is a valid and binding agreement entered into by the Plaintiff and the Defendants.

66. The Defendants have materially breached the Storage

Agreement by failing to pay any rent due under the Storage Agreement.

67. The Defendants have also materially breached the Storage Agreement by failing to make prompt, good faith efforts to relocate the Records to the Fifth Floor of the Premises.

68. Due to Defendants' breaches, Plaintiff has been damaged in the sum of at least $160,000 for the Past Due Storage Rent, plus additional storage rent, interest and costs.

## **Count II**

69. The Plaintiff repeats and re-alleges every allegation contained in the preceding paragraphs.

70. Despite demand, Defendants have failed to pay any use and occupancy for their continued possession of the Premises from September 1, 2009 to the present.

71. Plaintiff has been damaged in the sum of at least $340,000 for Past Due Use and Occupancy, plus additional use and occupancy going forward, and interest and costs.

## **Count III**

72. The Plaintiff repeats and re-alleges every allegation contained in the preceding paragraphs.

73. The Sunset/SUNY Lease is a valid and existing contract.

74. The Defendants knew of the existence of the Sunset/SUNY Lease.

75. Defendants wrongfully interfered with SUNY Downstate's lawful possession of the leased space by wrongfully utilizing portions of the cellar and second floor, to house their Records.

76. Defendants' improper actions have induced SUNY to

withhold rent due under the Sunset/SUNY Lease.

77. As a proximate result of Defendants' improper actions, Plaintiff has been damaged in an undetermined amount, plus additional sums going forward, and interest and costs.

## Count IV

78. The Plaintiff repeats and re-alleges every allegation contained in the preceding paragraphs.

79. Upon information and belief, Victory and SUNY Downstate intended and agreed that SUNY Downstate could use all the equipment located at the Premises, including all equipment located in the operating room and endoscopy unit, under the Victory/SUNY Lease.

80. Upon information and belief, Victory and SUNY Downstate intended and agreed that SUNY Downstate could use the same equipment for the full anticipated five (5) year term of the Victory/SUNY Lease.

81. Plaintiff, Defendants and SUNY Downstate all understood that the Victory/SUNY Lease could be assigned to Plaintiff or slightly modified on substantially the same terms to ensure a smooth transition once Plaintiff closes on the Asset Purchase Agreement, as amended.

82. The Plaintiff and Defendants had orally agreed and understood in late March and/or early April 2009 that Plaintiff would purchase all "excluded" equipment being utilized by SUNY Downstate at the Premises, including any equipment in the operating room and endoscopy unit.

83. In consideration for the purchase of the additional assets, Sunset paid Defendants an additional $100,000 (Fourth Am.

11

para 7[d]).

84. Annex A and B to the Fourth Amendment do not accurately reflect the parties' agreement, since it mistakenly includes certain equipment: "O.R." items: the "1 Picker/Dornier Urotract, 1 Philips/Dornier Litho Unit, and General Electric OEC Miniview HP (extremity c-arm)– as excluded, even though the parties agreed that it would be purchased (Fourth Am. Annex B).

85. Moreover, upon information and belief, Defendants have mistakenly taken and/or failed to deliver the following purchased equipment under the Fourth Amendment: "1 OEC 9800 C-arm (vascular), 1 OEC 9600 C-arm, 1 General Electric Senographic Dmr+ Mammography System and 1 Schick AccuDexa BMD Assessment System".

86. Defendants' believe that Annex B's general reference to unspecified equipment in the operating room and endoscopy unit automatically makes any equipment therein an excluded asset.

87. Defendants' belief does not accurately reflect the agreement between Plaintiff and Defendants that Sunset would purchase all "excluded" equipment being utilized by SUNY Downstate at the Premises, including any equipment in the operating room and endoscopy unit.

88. Moreover, the mistakes related to material elements of the Fourth Amendment of the Asset Purchase Agreement.

89. Upon information and belief, subsequent to July 24, 2008, SUNY Downstate began using, maintaining and repairing the equipment at the Premises, including equipment located in the operating room and endoscopy unit.

90. Both Plaintiff and SUNY Downstate would be prejudiced if Defendants sought to repossess the equipment in the operating room and endoscopy unit.

91. Plaintiff has no adequate remedy at law.

92. By virtue of the mutual mistake in Annex A (Schedule 1.1(l) of Auxiliary Assets) and Annex B (Schedule 1.2(b) of Excluded Assets) in the Fourth Amendment, Plaintiff is entitled to reformation of both Annex A and B to the extent that any equipment being used by SUNY Downstate at the Premises, including any equipment in the operating room or endoscopy unit, be (a) added to Annex A and deleted from Annex B; or alternatively (b) utilized by SUNY Downstate up to July 2013, or the end of the contemplated five (5) year term of the Victory/SUNY Lease.

**WHEREFORE**, Plaintiff Sunset LG Realty LLC respectfully requests that the Court enter judgment in its favor and against Defendants Victory Memorial Hospital, Victory Memorial Ambulance Services, Inc. and Victory Memorial Pharmacy Inc., as follows:

(a) On Count I, imposing liability upon the Defendants and awarding the Plaintiff damages for storage rent of at least $160,000, plus interest and costs;

(b) On Count II, imposing liability upon the Defendants and awarding the Plaintiff damages of at least $340,000 for use and occupancy which continues to accrue, plus interest and costs;

(c) On Count III, imposing liability upon the Defendants and awarding the Plaintiff damages in an amount to be determined, plus interest and costs; and

(d) On Count IV, reforming Annex A (Schedule 1.1(l) of Auxiliary Assets) and Annex B (Schedule 1.2(b) of Excluded Assets) in the Fourth Amendment on the grounds of mutual mistake, to the extent that any equipment being used by SUNY Downstate at the Premises, including any equipment in the operating room or

endoscopy unit, be (i) added to Annex A and deleted from Annex B; or alternatively (ii) utilized by SUNY Downstate up to July 2013, or the end of the contemplated five (5) year term of the Victory/SUNY Lease; and for such other, further and different relief as is just and proper.

Dated: New York, New York
January 3, 2010

                                BACKENROTH FRANKEL & KRINSKY, LLP
                                Attorneys for Plaintiff

                                By:   s/Abraham Backenroth
                                    Abraham Backenroth, Esq.
                                489 Fifth Avenue
                                New York, New York 10017
                                (212) 593-1100